IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIFFANY A.[1] | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARTIN O'MALLEY, Commissioner | : | |
| of Social Security[2] | : | 23-3643 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                           June 28, 2024

Tiffany A. ("Plaintiff") seeks review of the Commissioner's ("Defendant's") decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). For the following reasons, I will grant the Defendant's uncontested motion for remand and remand this matter for further proceedings.

**I.**      **PROCEDURAL HISTORY**

Plaintiff filed for DIB and SSI on December 27, 2018, alleging disability beginning December 1, 2018, due to type 1 diabetes, Addison's disease, Seliac disease, and thyroid and gastric conditions. Tr. at 60, 68, 196-202, 203-11. The claims were denied initially and on reconsideration. Id. at 106-14, 125-28. Plaintiff requested a

---

[1]Consistent with the practice of this court, to protect the privacy interests of plaintiffs in social security cases, I will refer to Plaintiff using her first name and last initial. See Standing Order – In re: Party Identification in Social Security Cases (E.D. Pa. June 10, 2024).

[2]Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner O'Malley should be substituted for Kilolo Kijakazi as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

hearing before an Administrative Law Judge ("ALJ"), id. at 134, 136, which took place in person on February 6, 2020.  Id. at 38-59.  On March 10, 2020, the ALJ issued a decision finding Plaintiff not disabled.  Id. at 11-23.  On February 4, 2021, the Appeals Council denied Plaintiff's request for review.  Id. at 1-7.  Petitioner filed an appeal to this court, docketed at Civil Action Number 21-1586.  By Memorandum and Order dated January 12, 2022, the undersigned granted Defendant's uncontested motion for remand.  Id. at 1040-49.

On June 10, 2022, the Appeals Council remanded this matter back to an ALJ for further administrative hearings with specific instructions.  Tr. at 1068-70.  The ALJ conducted a hearing on May 2, 2023, id. at 977-1010, and on May 24, 2023, the ALJ issued a second decision, finding Plaintiff not disabled.  Id. at 944-59.  Plaintiff did not seek review by the Appeals Council and the Appeals Council did not assume jurisdiction on its own, making the ALJ's May 19, 2023 the final decision of the Commissioner.  20 C.F.R. §§ 404.984(d), 416.1484(d).

Plaintiff initiated the present action by filing a complaint on September 19, 2023, followed by a brief in support of her request for review.  Docs. 1, 9.  Defendant filed an uncontested motion for remand noting that "further evaluation of Plaintiff's claims is warranted," and that on remand it will refer the matter to a different ALJ "to further

2

evaluate Plaintiff's claims, offer Plaintiff the opportunity for a new hearing, and issue a new decision." Doc. 12 ¶¶ 2-3.[3]

## II. DISCUSSION

The ALJ found that Plaintiff suffers from severe impairments of type 1 diabetes, diabetic gastroparesis,[4] Addison's disease,[5] obesity, adjustment disorder with depressed mood, and anxiety disorder. Tr. at 947. Notably, the ALJ found that Plaintiff has mild limitations in the domains of understanding, remembering or applying information, interacting with others, and adapting or managing oneself, and moderate limitations with regards to concentrating, persisting, or maintaining pace. Id. at 949. In her residual functional capacity ("RFC") assessment, the ALJ found that Plaintiff can perform sedentary work except she is able to perform postural activities on a frequent basis, but can never climb ladders; should avoid unprotected heights, vibrations, dust, fumes, gasses, chemicals, and extreme cold and heat; can understand, remember, and carry out simple routine tasks and instructions, but should not be assigned complex instructions; is able to interact appropriately with supervisors, co-workers, and the public; and is able to adapt to occasional changes in the workplace. Id. at 950. Based on testimony of the

---

[3]The parties consented to magistrate jurisdiction pursuant to 28 U.S.C. § 636(c). See Standing Order, In re: Direct Assignment of Social Security Appeals Cases to Magistrate Judges – Extension of Pilot Program (E.D. Pa. Nov. 27, 2020); Doc. 6.

[4]Gastroparesis is paralysis of the stomach. Dorland's Illustrated Medical Dictionary, 32nd ed. 2012 ("DIMD"), at 765.

[5]Addison's disease is a chronic type of adrenocortical insufficiency characterized by, among other things, hypotension, weight loss, weakness, and a bronze-like hyperpigmentation. DIMD at 528.

vocational expert ("VE"), the ALJ found that Plaintiff could not perform her past relevant work as nurse assistant but would be able to perform her past work as a greeter as it was actually performed. Id. at 957. The ALJ also relied on the VE's testimony in the alternative finding that Plaintiff would be able to successfully adjust to other jobs that exist in significant numbers in the national economy such as office helper, information clerk, and mail clerk. Id. at 958.

In her brief, Plaintiff contends that the ALJ (1) erred in concluding that Plaintiff could perform her past work as a greeter and (2) failed to satisfy the Commissioner's burden to show there existed significant jobs that Plaintiff would be able to perform despite her functional limitations. Doc. 9 at 3-4.

In view of Defendant's uncontested motion for remand, I will comment only briefly on the ALJ's decision and some of Plaintiff's arguments. First, Plaintiff argues that her work as a greeter cannot be considered past relevant work because it was performed after the alleged onset date of her disability, and that it did not constitute substantial gainful activity ("SGA"). Doc. 9 at 4-12. At step four of the five-step evaluation process, the Commissioner must determine whether a claimant has the RFC to perform the requirements of her past relevant work. See generally 20 C.F.R. §§ 404.1520(f), 416.920(f). "We consider that your work experience applies when it was done within the last 15 years, lasted long enough for you to learn it, and was [SGA]." Id. §§ 404.1565(a), 416.965(a) (2023). Here, Plaintiff testified that she worked as a greeter in her father's store from January to June 2019, which is after the alleged onset date of December 2018. Tr. at 998. In addition, the ALJ found that Plaintiff's work as a greeter

4

based on monthly income did not constitute SGA. Id. at 947. Thus, the ALJ erred in determining that the greeter position could serve as past-relevant work for purposes of her step four determination.

Second, Plaintiff argues that the ALJ relied upon jobs that could not be performed by someone with the limitations imposed by the ALJ's own RFC findings. Doc. 9 at 12-21. At step five, the Commissioner must determine whether a claimant can perform "other work." See generally 20 C.F.R. §§ 404.1512(b)(3), 416.920(g). At this step, the burden shifts to the Commissioner to provide "evidence that other work exists in significant numbers in the national economy" that a claimant can perform given the claimant's RFC and vocational factors. Id. §§ 404.1560(c)(2), 416.960(c)(2); see also 42 U.S.C. § 423(d)(2)(A). Moreover, when a discrepancy exists between a VE's testimony and the Department of Labor's Dictionary of Occupational Titles ("DOT"), the ALJ must address and resolve the conflict. Zirnsak, 777 F.3d 607, 617 (3d Cir. 2014) (citing Burns v. Barnhart, 312 F.3d 113, 127 (3d Cir. 2002)). "An ALJ's failure to comply with these requirements may warrant remand in a particular case." Id. (citing Rutherford v. Barnhart, 399 F.3d 546, 557 (3d Cir. 2005)).

As noted above, the ALJ's RFC assessment included limitations to only "simple routine tasks and instructions" and "only occasional changes in the workplace." Tr. at 950. These limitations are consistent with the DOT's definition of reasoning level 1, which is the "commonsense understanding to carry out simple one or two-step instructions" and the ability to deal with "standardized situations with occasional or no variables." DOT, App'x C – Components of the Definition Trailer, 1991 WL 688702

5

(1991). Reasoning level 2 requires the "commonsense understanding to carry out detailed but uninvolved written or oral instructions," and the ability to "[d]eal with problems involving a few concrete variables in or from standardized situations." Id.

As previously noted, the VE identified three occupations: eye-glass polisher (DOT 713.684-038), document preparer (DOT 249.587-018), and addresser (DOT 209.587-010). Tr. at 958. According to the DOT, all three jobs have reasoning levels of 2 or 3. DOT 713.684-038, 1991 WL 679267 (level 2); DOT 249.587-018, 1991 WL 672349 (level 3); DOT 209.587-010, 1991 WL 671797 (level 2). Thus, there is an unresolved conflict between the ALJ's RFC limiting Plaintiff to DOT reasoning level 1, and the reasoning level required to perform the three jobs identified by the ALJ.

In a related argument, Plaintiff asserts that the jobs identified by the ALJ are obsolete occupations. Doc. 9 at 17-21. For example, Plaintiff cites to a Social Security Administration study[6] and several district court decisions concluding that the job of addresser is likely an obsolete position. See, e.g., Yanke v. Kijakazi, No. 20-CV-1055, 2021 WL 4441188, at *4 (E.D. Wis. Sept. 28, 2021) (job of "addresser" is "resoundingly obsolete"); N.B. v. Saul, No. 20-CV-01138, 2021 WL 1947526, at *11 (N.D. Cal. May 14, 2021) (noting 2011 Social Security medical-vocational claims review found job of "addresser" to be obsolete). Plaintiff also argues that the document preparer job has

---

[6]The study is entitled "Occupational and Medical-Vocational Claims Review Study," and is available online at https://www.ssa.gov/oidap/Documents/PRESENTATION--TRAPANI%20AND%20HARKIN--OIDAP%2005-04-11.pdf (last visited June 4, 2024) ("SSA Study").

become obsolete given 21st century technology.  Doc. 9 at 19.  Consistent with the finding of the SSA Study and the trend in case law, news outlets have recently reported that the Social Security Administration has decided to eliminate all but a handful of obsolete unskilled jobs from its jobs database, effective July 1, 2024.  See, e.g., Lisa Rein, *Social Security to Jettison Obsolete Jobs Database*, Washington Post, June 24, 2024.  Therefore, on remand the ALJ should address these concerns, if deemed necessary.

### III.   CONCLUSION

Defendant has stated that on remand, the matter will be referred to a different ALJ for further evaluation of Plaintiff's case, including an opportunity for a new hearing.  Because further evaluation of the evidence and a new hearing should address the issues Plaintiff has presented in her Request for Review, I will grant Defendant's uncontested motion for remand.